# Roseman *v.* Feldenkreis, Appellant.

*Negotiable instruments—Promissory notes—Fraud in procuring
—Defective title—Negotiable Instruments Act, sections 55 and 59
—Question for jury.*

In an action against the maker of a promissory note, an affidavit
of defense, averring that the maker could not read or write, and
that the plaintiff is not a bona fide holder for value, and that the
note in suit was given to another as an accommodation, and was
not drawn as authorized and directed, raises questions which must
be determined by a jury under the 55th and 59th sections of the
Negotiable Instruments Act.

Argued October 13, 1921. Appeal, No. 117, Oct. T.,
1921, by defendant, from order of Municipal Court of
Philadelphia County, Feb. T., 1921, No. 117, making ab-
solute rule for judgment, in the case of Benjamin Rose-
man v. H. Feldenkreis, also known as Harry Felden-
kreis. Before ORLADY, P. J., PORTER, HENDERSON, HEAD,
TREXLER, KELLER and LINN, JJ. Reversed.

Assumpsit on a promissory note.

The opinion of the Superior Court states the case.

Rule for judgment for want of a sufficient affidavit of
defense. The court made the rule absolute. Defendant
appealed.

*Error assigned* was the order of the court.

*Palmer Watson,* and with him *Charles Salkind,* for
appellant.—The plaintiff's title is defective: Rothrock
Stores v. Panzera, 72 Pa. Superior Ct. 349; Horrell v.
Reeves & Nelson, 72 Pa. Superior Ct. 129.

*Nathaniel I. S. Goldman,* for appellee.

OPINION BY TREXLER, J., March 3, 1922:

The note in question is as follows:

"$464.32.   Philadelphia, Pa., November 26, 1920.   Ninety days after date, I promise to pay to the order of Benjamin Roseman four hundred and sixty four 32/100 dollars at 531 North 5th St., Philadelphia, Pa.   Value received, with interest.   With interest.

"H. FELDENKREIS."

Plaintiff alleges that the note was delivered by the defendant to him.

Defendant denies ever having given the note.   He states in substance that he gave a note to Sol. Roseman for his accommodation and to be drawn to his order, that the note was drawn at defendant's place of business and was drawn to plaintiff's order without any authority given by the defendant and without his knowledge, he being unable to read or write, that plaintiff is not a bona fide holder for value received before maturity.   The court entered judgment for plaintiff on the pleadings.   We think this was wrong.   As no opinion was filed, we do not know the reasons that impelled the court below to decide in favor of the plaintiff.   Section 55 of the Negotiable Instrument Act, 1901, provides as follows: "The title of a person who negotiates an instrument is defective within the meaning of this act when he obtains  the instrument or any signatures by fraud, duress or force and fear or other unlawful means or for an illegal consideration or when he negotiates it in breach of faith or under such circumstances as amount to a fraud."

The insertion of the name of Benjamin Roseman instead of Sol. Roseman, who was the person to whom the defendant was 'willing to lend his credit, introduced a new party to the transaction, changing the relations between the defendant and Solomon Roseman, and also affected the liability of Solomon Roseman or at least changed the evidence of it.

Furthermore, if the note be an accommodation note, the payee has no standing to sue the maker, for between them no consideration moved.

The affidavit clearly avers the facts which show that advantage was taken of the defendant and a fraud practiced on him. This, under section 59 of the above act, puts the holder to his proof that he has acquired the note in due course and this requires that the matter proceed to trial.

The judgment of the lower court is reversed, with a procedendo.